UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**JOHN CLARENCE LAPAILLE JR**  CASE NO. 1:24-CV-00931

**VERSUS**  JUDGE EDWARDS

**LA DEPT OF WILDLIFE & FISHERIES ET AL**  MAGISTRATE JUDGE PEREZ-MONTES

MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss[1] filed by Defendant **Grant Parish Sheriff's Office** ("GPSO"). Plaintiff John Clarence LaPaille ("Plaintiff"), appearing *pro se*, opposes the motion.[2] GPSO replied.[3]

After careful consideration of the parties' memoranda, the applicable law, and the record, GPSO's motion to dismiss is **GRANTED**.

I. BACKGROUND

The motion *sub judice* stems from a broader § 1983 action brought by Plaintiff against five (5) defendants: the Louisiana Department of Wildlife and Fisheries; the GPSO; James Bruce; Evan Nugent; and Michael Garcia.[4] Plaintiff alleges that, on July 27, 2023, Deputies Bruce, Nugent, and Garcia of the GPSO arrived to his property to investigate an anonymous tip regarding illegal alligator harvesting practices.[5] Plaintiff alleges that the deputies walked around his property, apparently with his consent, and were satisfied that he "wasn't harvesting alligators illegally."[6]

---

[1] R. Doc. 15.
[2] R. Doc. 17.
[3] R. Doc. 18.
[4] R. Doc. 1.
[5] R. Doc. 1-2, p.1-2.
[6] R. Doc. 1-2, p.2.

Plaintiff alleges that the deputies "detained" him following their initial investigation after Deputy Garcia smelled marijuana, and that he was placed in handcuffs by Deputy Nugent approximately thirty (30) minutes later.[7] Notably, Plaintiff does not specify whether the deputies found marijuana on his person or property nor does he specify what charges were brought against him which lead to his subsequent "incarceration."[8]

In his Complaint, Plaintiff alleges that the GPSO violated his rights under 42 U.S.C. § 1983 when Deputies Evan Nugent, Michael Garcia, and James Bruce entered his property and "unlawfully detained" him.[9] Specifically, Plaintiff alleges that the deputies violated his Fourth Amendment rights and deprived him of the right to be free from unlawful detention and false imprisonment.[10] Plaintiff seeks a variety of damages totaling roughly $2,800,000, including awards for his pain and suffering; defamation of his character; the loss of his truck; bail amount; and lost wages.

## II. LAW AND ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[11] A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[12] "[A] formulaic recitation of the elements of a cause of action will not do."[13] When evaluating a pleading, courts accept all factual allegations as true.[14] However, courts need not accept legal conclusions as facts.[15]

---

[7] R. Doc. 1-2, p.2.
[8] R. Doc. 1-2, p.2.
[9] R. Doc. 1, p.3-4.
[10] R. Doc. 1, p.3.
[11] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[12] *Id.* at 555.
[13] *Id.*
[14] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pleading must contain enough information to give defendants fair notice of both the complaint's claims and the grounds on which they rest.[16] Plaintiffs must allege enough facts to raise their claims beyond the level of speculation, by "nudg[ing] their claims across the line from conceivable to plausible."[17] A claim is facially "plausible" when it alleges sufficient factual content to permit the reasonable inference that the defendant is liable for unlawful conduct, thus giving rise to a "reasonably founded hope that the discovery process will reveal relevant evidence to support the claims."[18] The moving party, GPSO in this case, bears the burden of proving that Plaintiff has failed to state a claim.[19] Given the difficulties of appearing *pro se*, the Court construes Plaintiff's pleadings liberally.[20]

Defendant GPSO moves the Court to dismiss Plaintiff's § 1983 claim against it on grounds that the GPSO is not a legal entity capable of being sued as a matter of law. To support its position, GPSO relies on Fed. R. Civ. P. 17(b)(3), Louisiana Civ. Code Art. 24, discussed in detail below.

In his brief opposition, Plaintiff generally reurges the allegations set forward in his Complaint and asserts that, given the nature of his claim, it should be self-evident that the GPSO is a party responsible for the alleged § 1983 violations.[21] Plaintiff does not address the statutes or jurisprudence cited by GPSO, nor does he offer authority to counter GPSO's legal argument.

The Court agrees with GPSO that a Rule 12(b)(6) motion is "the appropriate vehicle to challenge a defendant's capacity to be sued," thus an evaluation of the GPSO's legal capacity is warranted.[22] Rule 17(b)(3) provides that, for parties other than individuals and corporations, the

---

[16] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).
[17] *See Twombly,* 550 U.S. at 570.
[18] *Id.* at 559.
[19] Fed. R. Civ. P. 12(b)(6).
[20] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[21] R. Doc. 17, p.1-2.
[22] *Harris v. Mamou Police Department*, 2019 WL 420432, at *2 (W.D. La. Sept. 3, 2019) (citing *Roth v. City of Pineville*, No. 1:11-cv-2061, 2012 WL 1596689, at *1 (W.D. La. Apr. 3, 2012)).

law of the state where the court is located will govern the capacity of that party to sue and be sued.[23] Accordingly, the Court must apply Louisiana law to determine whether GPSO – an entity that is not a corporation or an individual – is a "juridical entity" with the legal capacity to be sued.[24]

It is settled that "[t]he law of Louisiana affords no legal status to the Parish Sheriff's Department wherein said department can sue or be sued… ."[25] Although a Sheriff may be liable in his official capacity, a Sheriff's Office is consistently considered "a non-entity incapable of being sued."[26] Accordingly, even considering Plaintiff's allegations in a light most favorable to him, Plaintiff cannot sustain his claims against GPSO and the Court is bound to grant this motion.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that GPSO's Motion to Dismiss is **GRANTED** and that Plaintiff's claims against GPSO are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 19th day of May, 2025.

_____
JERRY EDWARDS, JR
UNITED STATES DISTRICT JUDGE

---

[23] *See* Fed. R. Civ. P. 17(b)(3).
[24] La. Civ. Code Art. 24.
[25] *Cozzo v. Tangipahoa Parish Council – President Government*, 279 F.3d 273 (5th Cir. 2002) (citing *Ferguson v. Stephens*, 623 So.2d 711, 714 (La. App. 4th Cir.1993)).
[26] *Id.*